# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MELISSA RIORDAN,

    Plaintiff,

v.

ASAP EXPERT COUNSELING, LLC,

    Defendant.

Case No. 16-CV-2011-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Melissa Riordan brought this action alleging the following four claims against Defendant ASAP Expert Counseling, LLC: (1) willful and fraudulent filing of tax returns in violation of 26 U.S.C. § 7434; (2) wrongful termination in violation of public policy; (3) breach of contract; and (4) unjust enrichment. On January 31, 2017, the Clerk entered default against Defendant. This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 37) and Application for Attorneys' Fees (Doc. 43). The Court held a hearing on March 20, 2017, at which time it heard argument from Plaintiff on her motion and heard evidence regarding Plaintiff's request for damages. Defendant did not appear.[1] Having considered Plaintiff's motion and her arguments and evidence presented at the March 20, 2017 hearing, the Court is prepared to rule. For the reasons stated in detail below, the Court grants Plaintiff's motion for default judgment and awards Plaintiff damages, costs, and reasonable attorneys' fees as set forth below.

---

[1] The Court mailed notice of the hearing to Defendant's address on February 24, 2017.

**I.     Background**

Plaintiff filed her Complaint on January 6, 2016, against Defendant, her former employer, alleging violations of 26 U.S.C. § 7434, and state law claims of wrongful termination, breach of contract, and unjust enrichment. Plaintiff alleged that Defendant filed fraudulent returns with the Internal Revenue Service ("IRS") that misclassified her as an independent contractor rather than an employee, causing her to pay payroll taxes to the IRS that ASAP should have paid. Plaintiff further alleged that Defendant wrongfully terminated her employment after she reported to Defendant's CEO and COO that she believed Defendant's business practices constituted Medicaid fraud and that Defendant had improperly classified her as an independent contractor. Plaintiff also alleged that Defendant never compensated her for $188 in counseling services that she performed on Defendant's behalf. On January 31, 2017, the Clerk entered default against Defendant.[2] Plaintiff filed her motion for default judgment on February 21, 2017. The Court held a hearing on March 20, 2017 on Plaintiff's motion and her request for damages. Defendant did not appear at this hearing and did not respond to Plaintiff's motion for default judgment.

**II.    Discussion**

Following entry of default, Rule 55(b)(2) allows the court to enter default judgment. Once default is entered, the defendant is not entitled to defend itself on the merits.[3] But a default judgment only establishes liability; it does not establish the amount of damages.[4] The factual allegations in the Complaint are taken as true, except for those relating to the amount of

---

[2] Doc. 35.

[3] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003).

[4] *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) (citing *DeMarsh v. Tornado Innovations, LP,* No. 08–2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009); *Beginner Music v. Tallgrass Broad., LLC,* No. 09–4050–SAC, 2009 WL 3720180, at *1 (D. Kan. Aug. 12, 2009)).

damages.[5] "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."[6] Default judgment may only be entered against defendants whom the Court determines are not minors or incompetent persons.[7] Defendant is not a minor or incompetent person (Defendant is a corporation). Additionally, Defendant has not responded to Plaintiff's motion for default judgment, and did not appear at the March 20, 2017 hearing on Plaintiff's motion, despite the Court having sent notice of the Clerk's entry of default, Plaintiff's motion for default judgment, and the hearing on Plaintiff's motion.[8] Thus, the Court may enter default judgment against it.

Having established liability on each of Plaintiff's four claims, the Court now turns to the issues of damages and other relief. Plaintiff requests compensatory damages, punitive damages, restitution, and attorneys' fees and costs. Plaintiff described the relief she seeks in her Complaint and in an affidavit she submitted with her motion for default judgment. Plaintiff also provided testimony regarding damages at the March 20, 2017 hearing. Having considered Plaintiff's Complaint, affidavit, and testimony, the Court makes the following findings regarding damages.

### A. Count 1—Violations of 26 U.S.C. § 7434

Upon a finding of liability for a violation of 26 U.S.C. § 7434,

> the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
> **(1)** any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
> **(2)** the costs of the action, and

---

[5]*Id.* (citing *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994)).

[6]*Demarsh*, 2009 WL 3720180, at *2 (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

[7]Fed. R. Civ. P. 55(b).

[8]Doc. 39; *see* Doc. 34 (certified mail receipt indicating Defendant's receipt of Order to Show Cause).

> **(3)** in the court's discretion, reasonable attorneys' fees.

At the March 20, 2017 hearing, Plaintiff testified as to how Defendant filed fraudulent tax returns misclassifying her as an independent contractor during tax years 2013, 2014, and 2015. Plaintiff testified as to how Defendant treated her as an employee—rather than an independent contractor—by requiring her to attend mandatory trainings, retreats, birthday parties, and other events, not allowing her to work for anyone else, providing her business cards, and imposing discipline. Defendant, however, reported to the IRS that Plaintiff was an independent contractor, thereby requiring Plaintiff to pay self-employment taxes.

Plaintiff presented several exhibits consisting of tax documents in support of her claim for damages, which showed that she made $14,888 in income from Defendant in tax year 2013, $17,965 in 2014, and $12,766 in 2015.[9] Plaintiff seeks actual damages in the form of the self-employment taxes she paid as a result of Defendant's misclassification of Plaintiff as an independent contractor. Plaintiff's exhibits show that she paid $1,269 in self-employment taxes in 2014 and Plaintiff testified she worked the entire year. Plaintiff testified that she was employed by Defendant for approximately 75% of 2013, and for approximately half of 2015. Thus, Plaintiff estimated that she paid $951 in self-employment taxes (75% of her 2014 amount) in 2013, and $634.50 in self-employment taxes (half of her 2014 amount) in 2015. Additionally, Plaintiff presented testimony and an exhibit detailing $757.71 in costs for this litigation.[10]

Plaintiff is also seeking attorneys' fees, pursuant to 26 U.S.C. § 7434, in the amount of $24,416.25. In support of her motion for attorneys' fees, Plaintiff submitted affidavits of three attorneys—Anne Schiavonne, Kathleen Mannion Dunnegan, and Ashley Grace—who worked on this case on her behalf, and three exhibits detailing the hours each attorney spent working on the

---

[9] Pl.'s Exs. 1, 2, & 3.
[10] Pl.'s Ex. 4.

case.[11] Plaintiff also submitted affidavits of two other attorneys who reviewed the request for attorneys' fees and supporting documentation, and stated that they believe the requests are reasonable.[12] The Court has reviewed the affidavits and supporting exhibits detailing the hours each attorney spent working on this case. Upon review, the Court finds the time spent on the case and the hourly rates of the attorneys are reasonable, based on the nature of this case, the relative experience and expertise of the attorneys, prevailing local market rates for attorneys practicing employment litigation,[13] and rates typically approved by this Court and other courts.[14] Accordingly, the Court grants Plaintiff's motion for attorneys' fees in the amount of $24,416.25.

Because Plaintiff's actual damages, costs, and reasonable attorneys' fees are greater than $5,000, the Court finds Plaintiff is entitled to an award of $28,028.46 on her Count 1 claim, equal to the amount of her actual damages, costs, and reasonable attorneys' fees.[15]

**B.    Count 2—Wrongful Termination in Violation of Public Policy**

At the March 20, 2017 hearing, Plaintiff testified regarding the events leading up to her wrongful termination arising under Kansas law. Plaintiff testified that she complained to Defendant and its managers that she was treated for tax purposes as an independent contractor, when in fact she was an employee. Plaintiff also complained to Defendant and its managers that the company's business practices constituted Medicaid fraud. On July 9, 2015, Plaintiff sent a letter to Defendant's managers detailing her complaints of fraud and unethical behavior within

---

[11]Doc. 37, Exs. A–F. Ms. Schiavonne worked on the case for 23.2 hours at a rate of $450.00 per hour; Ms. Mannion Dunnegan worked on the case for 29 hours at a rate of $325.00 per hour; Ms. Grace worked on the case for 16.55 hours at a rate of $275.00 per hour.

[12]Doc. 37, Exs. G–H.

[13]*See* Doc. 37, Ex. G at 2.

[14]*See, e.g., Schoonover v. Colvin*, No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (approving rate of $400.00 an hour); *Hoffman v. Poulsen Pizza LLC*, No. 15-2640-DDC-KGG, 2017 WL 25386, at *7 (D. Kan. Jan. 3, 2017) (approving rates of $600.00, $450.00, and $400.00 an hour).

[15]*See* 26 U.S.C. § 7434.

the company. Defendant's owner, Dana Fitzer, and Defendant's clinical director told Plaintiff to come in for a meeting on the evening of July 13, 2015. At the meeting, Ms. Fitzer told Plaintiff that she was a "troublemaker" and that "no one likes you," and asked Plaintiff why she should be kept with the company. Ms. Fitzer explained that Plaintiff was an independent contractor and could be fired at will. Plaintiff testified that she felt shamed, and that Ms. Fitzer was condescending toward her during this meeting. Plaintiff testified that there had never been any prior complaints about her performance.

Plaintiff seeks $1,500 in compensatory damages for lost wages resulting from the wrongful termination, $50,000 in compensatory damages for emotional distress, and $200,000 in punitive damages based on Plaintiff's testimony that Defendant's practices constituted illegal and unethical conduct, which formed the basis of Plaintiff's complaint to Defendant's managers. The Court is satisfied that the record, supported by Plaintiff's testimony and affidavit, justifies the damages awards that Plaintiff seeks. Accordingly, the Court awards Plaintiff $251,500 in compensatory and punitive damages on her Count 2 wrongful termination claim.[16]

### C. Counts 3 and 4—Breach of Contract and Unjust Enrichment

Plaintiff brought a breach of contract claim to recover for counseling services that Plaintiff performed for Defendant's clients on behalf of Defendant. Plaintiff brought an unjust enrichment claim in the alternative based on Defendant's failure to compensate for the same services alleged in her breach of contract claim. Plaintiff testified that Defendant should have paid her $188 for these services, but she was never compensated. Thus, Plaintiff seeks $188 in damages for her breach of contract and unjust enrichment claim. Recognizing that she cannot obtain a double recovery on her breach of contract and unjust enrichment claims, which allege

---

[16]*See Platt v. Kan. State Univ.*, 379 P.3d 362, 369 –70 (Kan. 2016) (recognizing importance of availability of compensatory and punitive damages in retaliatory discharge, or wrongful termination in violation of public policy, cases).

the same injury, Plaintiff seeks a single damages award of $188 on these claims. The Court finds that the record supports such an award. Accordingly, the Court awards Plaintiff $188 in compensatory damages on her Count 3 breach of contract claim. Plaintiff is not entitled to an award of damages on her Count 4 unjust enrichment claim, as such an award would constitute a double recovery.

**III.    Conclusion**

The Court grants Plaintiff's unopposed motion for default judgment. Additionally, the Court finds that the record supports an award of damages, costs, and reasonable attorneys' fees in the amount of $28,028.46 on Plaintiff's Count 1 claim pursuant to 26 U.S.C. § 7434, an award of damages in the amount of $251,500 on her Count 2 wrongful termination claim under Kansas law, and an award of damages in the amount of $188 on her Count 3 breach of contract claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Melissa Riordan's Motion for Default Judgment (Doc. 37) and Application for Attorneys' Fees (Doc. 43) are **granted**. Defendant ASAP Expert Consulting, LLC shall pay to Plaintiff the following amounts: (1) damages, costs, and reasonable attorneys' fees in the amount of $28,028.46 on Count 1; (2) damages in the amount of $251,500 on Count 2; and (3) damages in the amount of $188 on Count 3.

**IT IS SO ORDERED.**

Dated: May 19, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE